UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DELANNIE L. MARTIN,        )
        )
    Petitioner,        )        Civil No. 08-338-ART
        )
v.        )
        )        **MEMORANDUM OPINION AND**
KAREN F. HOGSTEN, Warden,        )        **ORDER**
        )
    Respondent.        )
        )
        )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Delannie L. Martin, who is incarcerated in the Federal Correctional Institution located in Manchester, Kentucky ("FCI-Manchester"), has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this petition, he challenges the execution of his sentence. Martin has paid the $5.00 filing fee.

This matter is before the Court for screening pursuant to 28 U.S.C. § 2243. At the screening phase, this Court has a duty to dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing *Higgins v. Steele*, 195 F.2d 366 (8th Cir. 1952); *Farley v. Skeen*, 113 F. Supp. 736 (N.D. W. Va. 1953)). As Martin is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (quoting *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001)). During screening, the allegations in the petition are taken as true and are liberally construed in favor of the pro se litigant. *Cf. Urbina*, 270 F.3d at 295

(holding that allegations must be taken as true and construed in favor of petitioner in ruling on a motion to dismiss (citing *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983))).  Even viewing the petitioner's allegations in this favorable light, however, the Court concludes that the petition is frivolous and obviously lacking in merit.  Therefore, it must be dismissed.

## I. Background

Under a mandate from the Attorney General, the Bureau of Prisons ("BOP") is required to conduct an adult literacy program for the benefit of prisoners who are functionally illiterate.  *See* 18 U.S.C. § 3624(f); 28 C.F.R. §§ 544.70-75.  Such inmates must attend the program until they receive 240 hours of instructional time or a GED, whichever comes first.  *See* 28 C. F.R. §544.70.  If an inmate receives 240 hours of instructional time without obtaining a GED, the inmate is entitled to 42 days of GCT credit per year.  *See* 28 C.F.R. § 523.20(c).  If the inmate obtains a GED or continues making satisfactory progress toward a GED after obtaining 240 hours of instruction time, then the inmate is entitled to 54 days of GCT credit per year.  *See id.*

Martin was convicted of federal drug and firearms offenses in 2000.  R. 2, Attach. 1 at 2.  He enrolled in a prison GED claims on May 1, 2000 and completed 590 hours of instruction before dropping out of the class on August 8, 2001.  R. 2, Attach. 2 at 2.  Between February 21, 2006 and April 20, 2006, he was again enrolled in a prison GED class.  *Id.*  He completed 56 hours of instruction during this period.  *Id.*  He again enrolled in a prison GED course on June 1, 2006, and completed 12 hours of instruction before dropping out on June 14, 2006.  *Id.*  Thus, over the course of three intermittent periods, Martin has completed 658 hours of instruction, but he has not obtained a GED.  As a result of these endeavors, Martin has been awarded 42 days of good conduct time

2

("GCT") credit per year for each of the last seven years.  Martin, however, contends that he is entitled to 54 days of GCT credit per year for each of the last seven years because he has completed more than 240 hours of instructional time in the adult literacy program.  According to Martin, the Bureau of Prisons ("BOP") has violated his Fifth Amendment right to substantive due process by arbitrarily and capriciously refusing to award him 54 days of GCT per year rather than 42 days of GCT credit per year.[1]

Martin has administratively exhausted his claim that he should be awarded 54 days of GCT credit per year.  On February 1, 2008, Warden Karen F. Hogsten rejected Martin's BP-9 appeal.  R. 2, Attach. 2 at 11.  Hogsten found that Martin was not entitled to 54 days of GCT credit per year because his withdrawal from the program had rendered his progress toward obtaining a GED unsatisfactory.  *Id.*

After being denied relief by Hogsten, Martin appealed to the BOP's Mid-Atlantic Regional Office.  On April 24, 2008, K. M. White, Director of the BOP's Mid-Atlantic Regional Office, upheld Hogsten's decision and denied Martin's BP-10 appeal.  *Id.* at 13.  White noted that Martin's complaint was not that he was being denied *any* GCT credits, but that the BOP refused to award him 54 days of GCT per year instead of 42 days.  White also stated that Martin had withdrawn from the literacy program on August 8, 2001.  On this basis, White concluded that Martin was only entitled to 42 days of GCT credit per year because he was not making satisfactory progress toward obtaining

---

[1]Martin's petition actually alleges that the BOP's actions are a violation of his right to equal protection under the Fourteenth Amendment.  However, the Court construes this as a Fifth Amendment substantive due process claim since Martin is a federal prisoner and the Fourteenth Amendment only applies to the states.  *See* U.S. Const. amend. XIV.  The Fifth Amendment, on the other hand, applies to the federal government.  *See* U.S. Const. amend. V.  Moreover, the petition employs the language and standards of a Fifth Amendment substantive due process claim.

a GED.  *Id.*

On July 14, 2008, Harrell Watts, Administrator of National Inmate Appeals, denied Martin's final BP-11 appeal.  *Id.* at 15.  Watts explained that Martin's failure to obtain a GED and his withdrawal from the literacy program once he reached 240 instructional hours precluded him  from accruing GCT credits at a rate of 54 days a year.  *Id.*  In particular, Watts stated:

> Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns.  Program Statement 5350.28, <u>Literacy Program (GED Standard)</u>, provides that "at the end of 240 instructional hours, excluding sick time, furloughs, or other absences from scheduled classes, the unit team during scheduled program review sessions shall meet with the inmate to encourage continued participation in the literacy program until the inmate earns a GED credential or high school diploma.  At these meetings, the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken.  The inmate may not discontinue this program when participation is mandated by statute."
>
> Program Statement 5884.01, Good Conduct Time Under the Prison Litigation Reform Act provides "the Bureau will award . . . 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma."
>
> You were sentenced pursuant to the PLRA and are subject to the satisfactory progress literacy provision of the PLRA.  The PLRA provides that your ability to earn maximum GCT ceases when you do not continue to make satisfactory progress toward attaining a GED.  You became ineligible to receive maximum GCT on August 8, 2001, because you withdrew from the GED program and, thus, have failed to maintain satisfactory progress toward obtaining your GED.  This is not a disciplinary sanction and you have not been subject to disciplinary action.  Rather, your ineligibility for GCT is an administrative requirement of the law under which you were sentenced.

*Id.*  Additionally, Watts noted that Martin had re-enrolled in the GED Program at the current prison on May 6, 2008, and he explained that once Martin completed the requisite number of hours, he would regain his "satisfactory progress" status and would then become eligible to earn 54 days of GCT credit per year.  *Id.*

4

II. Analysis

Martin claims that the BOP violated his Fifth Amendment right to substantive due process by arbitrarily and capriciously refusing to award him 54 days of GCT credit per year for the last seven years. According to Martin, the BOP's refusal amounts to a deprivation of a liberty interest. In order to prevail on this argument, Martin would have to prove that he had a constitutionally protected liberty interest in the GCT credits that he seeks, and he would also have to prove that the BOP's refusal to award these credits is arbitrary and capricious. *See Andreano v. City of Westlake*, 136 F. App'x 865, 870-71 (6th Cir. 2005) (citing *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992)).[2] It is true that the Supreme Court has recognized that prisoners can have a liberty interest in GCT credits that they have earned. *See Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974). However, as the following analysis shows, Martin never earned the GCT credits to which he claims entitlement. In light of this fact, it is clear that he has no liberty interest in these credits, and it equally clear that the BOP did not act in an arbitrary and capricious manner by refusing to award him the credits. As a result, his Fifth Amendment right to substantive due process has not been violated.

The GCT credits to which Martin claims entitlement are made available to federal prisoners as an incentive to further their education. Pursuant to a statutory mandate found in 18 U.S.C. § 3624(f), the BOP requires any inmate without a high school diploma or GED to attend instructional courses until such time as they complete 240 hours of attendance or obtain a GED, whichever occurs

---

[2]Although these cases construe the Fourteenth Amendment's due process clause, they are also authoritative with respect to the Fifth Amendment's due process clause. *See Borkins v. U.S. Postal Serv. Employees*, 97 F. App'x 32, 34 n.2 (6th Cir. 2004) (citing *United States v. Stewart*, 306 F.3d 295, 308 n.2 (6th Cir. 2002); *Med. Mut. v. deSoto*, 245 F.3d 561, 575 (6th Cir. 2001); *Buckley v. Valeo*, 424 U.S. 1, 93 (1976)).

first. 28 C.F.R. § 544.70. Once the inmate has reached 240 hours, the BOP offers additional incentives to encourage completion of the course under 28 C.F.R. § 523.20(c)(1). Under this regulation, a prisoner can receive 54 days of GCT credit per year if the inmate "has earned or is making satisfactory progress toward earning a GED credential." *Id.* However, if the inmate chooses not to pursue a GED beyond the mandatory 240 hours, 28 C.F.R. § 523.20(c)(2) provides that the BOP shall award only 42 days of GCT credit per year, rather than 54 days.

Inmates who fit within one of the exceptions to mandatory participation set forth in 28 C.F.R. § 544.71 are excused from participation and can still receive the full 54 days of credit. Exceptions exist for those who are temporarily unable to participate, such as for medical reasons or because of a temporary transfer, or those who are permanently exempted from participation due to a documented mental, emotional, or physical impairment which limits their ability to benefit from the program. 28 C.F.R. § 544.71(a)(4), and (b).

It does not appear that any of the available exceptions apply to Martin, and he does not argue otherwise. Rather, he argues that he is entitled to 54 days of GCT credit per year simply because he completed more than 240 hours of instruction. This fact alone, however, does not entitle him to 54 days of GCT credit per year. Instead, the regulations clearly state that he would only be entitled to that number of credits if he had earned his GED or high school diploma, or if he had continued making satisfactory progress toward doing so. Because it is obvious that Martin has done neither of these things, he is not entitled to 54 days of GCT credit per year. First, it is beyond dispute that he has failed to obtain a GED or high school diploma.[3] Second, Martin has also failed to make

---

[3]Martin has earned a certificate from a correspondence course, but this Court and the Sixth Circuit have already ruled that the BOP is not required to accept this certificate as the equivalent of a GED or high school diploma. In 2006, Martin filed a § 2241 petition in this

satisfactory progress toward obtaining his GED or high school diploma.  He dropped out of the GED program in August of 2001 and remained out of the program until February 21, 2006.  He dropped out again on April 20, 2006 and then enrolled again on June 1, 2006 before dropping out for the last time on June 14, 2006.  This minimally sporadic participation in the program can hardly be considered satisfactory progress toward obtaining a GED.  *See* 28 C.F.R. § 544.73(b)(1)(iii) (stating that an inmate cannot be deemed to be making satisfactory progress toward a GED if the inmate has withdrawn from the program).  It makes no difference that Martin accumulated more than 240 hours of instruction time before dropping out of the program in 2001; the regulations require that he continue making satisfactory progress toward a GED, not that he accumulate more than 240 hours of instruction time.  Martin's failure to make satisfactory progress means that he is not entitled to 54 days of GCT credit per year for the last seven years.  Therefore, he has no liberty interest in those credits, and the BOP did not withhold those credits from him in an arbitrary and capricious manner.

It must be noted that the BOP's refusal to award Martin 54 days of GCT credit per year is not a form of discipline.  Martin never earned these credits to begin with, so they are not being taken away from him as a disciplinary measure.  Instead, Martin is simply being denied an award of 12 *additional* days of GCT credit per year on top of the 42 days of GCT credit per year that he has already received.  His voluntary withdrawal from the program did not subject him to disciplinary action, but simply rendered him ineligible for the incentives offered to other inmates who remained in the program.  This cannot be a violation of Martin's Fifth Amendment right to due process

---

Court, arguing that the BOP erroneously refused to recognize his correspondence course certificate, but this Court rejected that argument and denied Martin's § 2241 petition.  *See Martin v. O'Brien*, No. Civ.A. 06CV055HRW, 2006 WL 1206582 (E.D. Ky. April 28, 2006).  On appeal, the Sixth Circuit affirmed.  *See Martin v. O'Brien*, 207 F. App'x 587 (6th Cir. 2006).

because it is well-settled that "prisoners have no liberty interest in opportunities to obtain good-time credits." *Martin v. O'Brien*, 207 F. App'x 587, 589-90 (6th Cir. 2006) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992)).

This result is not affected by the decision of *Snider v. Daniels*, 445 F. Supp. 2d 1233 (D. Or. 2006), in which the court granted a § 2241 petition brought on the basis of the BOP's refusal to grant GCT credits to an inmate. *Snider* is distinguishable from the case at hand because that case appears to have involved a situation in which the BOP had refused to grant the petitioner any GCT credits even though he had completed more than 240 hours of instructional time. *See id.* at 1235 (holding that the petitioner was "eligible for good time credits because he completed a single period of 240 hours of functional literacy instruction in compliance with BOP's Program Statement."). That has not happened here. To the contrary, the BOP has readily provided Martin with the 42 days of GCT credit per year that he earned by completing 240 hours of instructional time.

### III. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

(1)     Petitioner Delannie L. Martin's *pro se* § 2241 petition for a writ of habeas corpus, R. 2, is **DENIED**.

(2)     This action is **DISMISSED**, *sua sponte*, from the Court's docket. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent. This the 5th day of January, 2009.



**Signed By:**

*Amul R. Thapar*

**United States District Judge**